### No. 13,041.

### NEW ORLEANS WARE HOUSE CO. VS. L. H. MARRERO, TAX COLLECTOR, ET ALS.

#### SYLLABUS.

1. Whether Section 26 of Act 106 of 1890, fixing the time within which suits must be brought to reduce tax assessments, be reviewed as a statute of peremption, or one of prescription, the exception of prescription herein filed must be overruled.
2. The action is saved from peremption by the filing of the petition before the 2nd of November of the assessment year, and saved from prescription by service of process upon the tax collector prior to that date.
3. Not essential to the interruption of prescription that service must, too, have been made upon the Assessor and Police Jury prior to that date.
4. The tax-collector, the assessor and the police jury are but common agencies of the same sovereign power imposing the taxation, and service upon the tax collector sufficient under the statute to constitute legal notice to the sovereign of the timely institution of the action.

CERTIFIED from the Court of Appeals, Fifth Circuit, by the Judges thereof, applying for instructions.

---

*James D. Seguin* for Plaintiffs, Appellants.

*Robert J. Perkins,* District Attorney, for Defendants, Appellees.

Submitted January 7, 1899.
Opinion handed down January 23, 1899.

The opinion of the court was delivered by

BLANCHARD, J. The assessor of the parish of Jefferson estimated certain real property belonging to plaintiff corporation at sixty-five thousand dollars, and extended the same upon his assessment rolls for the year 1897 at that valuation.

This was resisted by the corporation on the ground that the true value of the property was forty-five thousand dollars, and it was insisted that it should be assessed for taxation only at that sum.

From the adverse action of the Assessor, the matter was brought by the corporation before the Police Jury of the parish of Jefferson, sitting as a Board of Review, but the relief sought was there denied.

Whereupon this action was brought in the District Court of Jefferson parish to judicially test the correctness of the assessment.

The prayer of the petition is that the assessment as returned be declared excessive and that the same be reduced to forty-five thousand dollars.

The Assessor of the parish, the Police Jury of the parish, and the Sheriff, who is *ex-officio* Tax Collector, were made parties defendant.

On the day the petition was filed, October 30, 1897, the Sheriff and Tax Collector accepted service thereof and waived citation.

The Assessor and President of the Police Jury were not cited until December 1st, following.

The delay in service upon these officials is attributed by plaintiff to the existence of local quarantine regulations, established because of the prevalence of yellow fever, and the consequent inaccessibility of the parties named.

This inaccessibility is denied by defendants, who insist that timely service might have been made had the proper diligence been observed by plaintiff.

Defendants tendered, by way of peremptory exception, the plea of prescription in bar of the action.

This plea is founded on Section 26 of Act No. 106 of the Acts of 1890.

It is there declared that the action at law to test the correctness of assessments as to the description of property listed and the valuation thereof for taxation "shall be instituted (by the tax-payer) on or before the first day of November of the year in which the assessment is made."

The contention of defendants is that this clause of the statute establishes a prescriptive term, and that, following the general rules applicable to prescriptions, citation and service of petition must be made upon the defendants in the action before the prescriptive term has run; that the *mere filing* of the petition in court on or before the first of November does not suffice. It is, therefore, insisted that while the petition itself in this case may have been seasonably filed, service upon two of the defendants was *not* made until after the first of November, and because of this, prescription applies and the right to prosecute the demand is barred.

The contention of plaintiff is that the law referred to is not a prescriptive statute, but one of *peremption* only; that prescription is a manner of acquiring the ownership of property, or discharging debts, by the effect of time and under the conditions regulated by law (C. C. 3457); that neither the acquisition of the ownership of property nor any question of the discharge of any debt or obligation is at issue or can arise in this suit; that peremption (Latin, *"perimere,"* to destroy) is simply the loss or destruction of a right, as of action, etc.; that statutes of peremption are not governed by the rules applicable to statutes of prescription; and that the statute in question here gives to the taxpayer, complaining of his assessment, the right to institute an action to test its correctness at any time down to and inclusive of the 1st of November of the year of assessment.

It is insisted that what the statute means is that if the petition setting forth the cause of action *is filed* on or before the 1st of November, it suffices; that service and citation on or before that date is not essential to preserve the right of action, and if made within a reasonable time thereafter the intendment and object of the law is fulfilled. It is conceded that if the action is *not* instituted before the 2nd of November, *i. e.*—if the petition is not *filed* before then—the right of action is perempted, destroyed.

On the issues of law thus presented the District Judge rendered judgment sustaining the contention of the defendants, holding the exception good and dismissing the suit.

On appeal by plaintiff to the Court of Appeals, Fifth Circuit, that. tribunal reversed this judgment, and its opinion and decree maintained the contention of plaintiff with regard to the exception.

It overruled the exception and ordered the suit reinstated to be· proceeded with according to law.

Whereupon, defendants' counsel having filed an application for re-hearing, pending consideration of the same, the Court of Appeals,. because of the great importance of the issues raised to the State and its political sub-divisions, as involving a correct interpretation of a revenue law on points not heretofore passed upon by this court, certified the question of law, presented in the case, to this tribunal for its· determination pursuant to the provisions of Article 101 of the State Constitution.

## OPINION.

Our learned brothers of the Court of Appeals have decided the case·. correctly. That is to say, the decree handed down by them meets our· approval. But we rest our concurrence on grounds different from those presented in the opinion filed by them.

Pretermitting an expression of opinion ourselves on the questions· raised in the respective contentions of the plaintiff and defendants,. hereinbefore set forth, with regard to the exception filed by defendants, we hold that whether Section 26 of the Act of 1890 be viewed as a statute of peremption, or one of prescription, the case, on the exception, is with plaintiff corporation; that its action for reduction of the assessment is neither perempted nor prescribed; that it was saved from peremption by the filing of the petition before the second of November of that year, and saved from prescription by service of process· upon the tax collector before that date; that it was not essential to the· interruption of prescription that service must, too, have been made upon the Assessor and Police Jury prior to that date; that the three officials, Tax Collector, Assessor and President of the Police Jury, are but common agencies of the same sovereign power which imposes the taxation as to which the assessment of plaintiff's property· was a requisite step; and that the service which was made upon the Tax Collector was full and complete legal notice to the sovereign of the timely institution of the action, thereby interrupting its prescription, it appearing by the very terms of the statute itself that that official (Tax

Collector) is designated as one authorized and required to stand in judgment in such an action as the present one.

After reciting that the action to test the correctness of assessments complained of shall be instituted on or before the first day of November of the year in which the assessment is made, Section 26 of the Act of 1890, in the very next sentence, declares that "in all suits for the reduction of assessments the State Tax Collector of the respective parishes shall be made parties."

The Assessor is not specially named, the Police Jury is not specially named, in this Section 26, where the limit of time as to the bringing of the action is fixed, but the Tax Collector is; and while those other officials were quite properly made parties defendant in this assessment —reduction suit, it is clear from the language of the act that the Tax Collector *must* be made—is *required* by the statute to be made—a party defendant. And since he is thus declared to be a necessary defendant, in the very clause of the law fixing the period of peremption or prescription of the action, it must be held that the law-makers intended service of process upon him to be binding upon the sovereign power levying and enforcing the tax.

For the reasons assigned it is ordered that this cause be remanded to the Honorable Court of Appeals, Fifth Circuit, with instructions to overrule defendants' application for rehearing, and to remand the case to the District Court, Parish of Jefferson, to be proceeded with as directed in the decree of the Court of Appeals, and in accordance with the views herein expressed—costs of all the courts in this behalf expended to be borne by defendants.